UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF WEST VIRGINIA
AT CHARLESTON

MOTORISTS MUTUAL INSURANCE
COMPANY,

        Plaintiff,

v.                         Civil Action No. 5:22-cv-00028

BOHNERT INTERNATIONAL, INC.;
NORVIN RAQUE; DAVID GRAESER;
ERIK VANKLEEF; WV GREAT BARREL
COMPANY, LLC; and WVGBC REAL
ESTATE HOLDING COMPANY, LLC,

        Defendants.

## MEMORANDUM OPINION AND ORDER

        Pending are two motions to dismiss.  First is the
motion filed January 28, 2022, by defendants WV Great Barrel
Company, LLC ("WV Great Barrel"), and WVGBC Real Estate Holding
Company, LLC ("WVGBC") (together, the "LLC Defendants").  LLC
Defs. Mot. Dismiss, ECF No. 5.  Second is the motion filed
February 28, 2022, by defendants Bohnert International, Inc.;
Norvin Raque; David Graeser; and Erik Vankleef (together, the
"Bohnert Defendants").  Bohnert Defs. Mot. Dismiss, ECF No. 25.

### I. Background

        In this action, plaintiff Motorists Mutual Insurance
Company ("Motorists") "seeks a declaration that it has no duty
to provide a defense or indemnity to [the Bohnert Defendants]

for the claims asserted [against them by the LLC Defendants] in Civil Action No. 20-C-84 currently pending in the Circuit Court of Greenbrier County, West Virginia." Compl. ad damnum cl., ECF No. 1. The state court action stems from work performed by the Bohnert Defendants for the LLC Defendants related to the "founding of a cooperage operation to manufacture barrels for the bourbon, whiskey, and rye distilling industries." Id. ¶¶ 16-27.

Motorists initiated this action in this court on January 13, 2022, invoking the court's diversity jurisdiction. Id. ¶ 10; see also 28 U.S.C. § 1332(a)(1). On January 28, 2022, the LLC Defendants filed a Rule 12(b)(1) motion to dismiss the complaint for lack of subject-matter jurisdiction. See LLC Defs. Mot. Dismiss. The LLC Defendants contend that some of their members share state residency with Motorists and that complete diversity of citizenship is lacking. See LLC Defs. Mem. Supp. 2-5, ECF No. 6. On February 28, 2022, the Bohnert Defendants also filed a motion to dismiss, wherein they join the LLC Defendants' motion and offer additional argument in support. See Bohnert Defs. Mem. Supp., ECF No. 26.

## II. Rule 12(b)(1) Standard

Diversity jurisdiction under § 1332 "requires complete diversity among parties, meaning that the citizenship of every plaintiff must be different from the citizenship of every defendant." Cent. W. Va. Energy Co. v. Mountain State Carbon, LLC, 636 F.3d 101, 103 (4th Cir. 2011).  For purposes of diversity jurisdiction, the citizenship of a limited liability company turns not on its place of formation or its principal place of business but on the citizenship of all of its members. See id.; see also Johnson v. Columbia Props. Anchorage, L.P., 437 F.3d 894, 899 (9th Cir. 2006) (collecting rulings from the courts of appeals).

"When . . . a defendant challenges the existence of subject matter jurisdiction in fact, the plaintiff bears the burden of proving the truth of such facts by a preponderance of the evidence."  United States ex rel. Vuyyuru v. Jadhav, 555 F.3d 337, 347 (4th Cir. 2009).  If the jurisdictional facts are not "intertwined with the facts central to the merits of the dispute, the district court may . . . go beyond the allegations of the complaint and resolve the jurisdictional facts in dispute by considering evidence outside the pleadings, such as affidavits."  Id. at 348 (quotation marks omitted).  But if the jurisdictional facts are "so intertwined with the facts upon

3

which the ultimate issues on the merits must be resolved, the entire factual dispute is appropriately resolved only by a proceeding on the merits." Id. (quotation marks and citation omitted).

### III. Discussion

As noted, it is well established that a limited liability company's ("LLC") citizenship for diversity jurisdiction purposes "is determined by the citizenship of all of its members." Cent. W. Va. Energy, 636 F.3d at 103.  And where one of an LLC's members is another LLC, "citizenship . . . must be traced through however many layers of partners or members there may be to determine the citizenship of the LLC." Lincoln Benefit Life Co. v. AEI Life, LLC, 800 F.3d 99, 105 n.16 (3d Cir. 2015) (quotation marks omitted).

Motorists is an Ohio corporation with its principal place of business in Ohio.  Compl. ¶ 1.  In the complaint, Motorists alleges that the Bohnert Defendants are all citizens of Kentucky for diversity purposes.  Id. ¶¶ 2-6.  As for the LLC Defendants, Motorists alleges that WV Great Barrel and WVGBC have four members each, all of "whom reside in Greenbrier County, West Virginia."  Id. ¶¶ 8-9.

4

The LLC Defendants, however, contend that some of its members are citizens of Ohio.  Anthony J. Alexander ("Alexander") avers that he is "a managing-member of Alexander Family Investments, LLC," ("AFI") which owns "member interest[s]" in WV Great Barrel and WVGBC.  First Aff. of Alexander ¶¶ 1, 4-5, ECF No. 5-1.[1]  Alexander further avers that AFI has three members who are Ohio citizens.  Id. ¶¶ 3.a-3.c. In addition, the LLC Defendants have provided AFI's operating agreement, which shows the same three Ohio citizens as members, see Operating Agmt., ECF No. 23-1; the three members' Ohio driver licenses, see Driver Licenses, ECF No. 24-2; and AFI's annual reports for the years 2020 through 2022 showing a current mailing address in Ohio, see Annual Reports, ECF No. 23-3.

Last, Alexander avers that AFI first acquired interests in WV Great Barrel and WVGBC in July 2017 and June 2018, respectively.  Second Aff. of Alexander ¶¶ 4-5, ECF No. 30-1.[2]  To support that averment, the LLC Defendants have adduced WV Great Barrel's May 30, 2017, operating agreement showing AFI as a member; a "subscription agreement" showing AFI's purchase of a membership share in WV Great Barrel; and WVGBC's June 26,

---

[1] Alexander's first affidavit is attached to the LLC Defendants' motion to dismiss.

[2] Alexander's second affidavit is attached to the Bohnert Defendants' reply supporting their motion to dismiss.

2018, operating agreement showing AFI as a member. See id. Exs. A-C.

The LLC Defendants and the Bohnert Defendants argue that the evidence they have adduced establishes that some of the LLC Defendants' members share citizenship with Motorists, thus defeating diversity jurisdiction. See LLC Defs. Mem. Supp. 3-5; LLC Defs. Reply 2-3, ECF No. 23; Bohnert Defs. Mem. Supp. 6-7; Bohnert Defs. Reply 2-3, ECF No. 30.

Before the submission of Alexander's second affidavit and attached documents, Motorists emphasized that the LLC Defendants could not show shared Ohio citizenship without "any . . . documents supporting the claim that AFI is a member of the [LLC Defendants]" or, even if AFI is currently a member of the LLC Defendants, that AFI acquired its membership share before the filing of the complaint. Motorists Resp. to Bohnert Defs. 4-5, ECF No. 27; see also Motorists Resp. to LLC Defs. 4, ECF No. 22. However, Alexander's second affidavit and attached documents, which were submitted after Motorists filed both of its responses, demonstrate that AFI and its Ohio citizen members obtained their membership shares of the LLC Defendants before Motorists filed the complaint.

Motorists alternatively requests limited jurisdictional discovery on the issues raised by the LLC

Defendants and the Bohnert Defendants.  <u>See</u> Motorists Resp. to
LLC Defs. 4; Motorists Resp. to Bohnert Defs. 6.  "[T]he
decision of whether or not to permit jurisdictional discovery is
a matter committed to the sound discretion of the district
court."  <u>Base Metal Trading, Ltd. v. OJSC "Novokuznetsky</u>
<u>Aluminum Factory"</u>, 283 F.3d 208, 216 n.3 (4th Cir. 2002).  A
district court is within its discretion to deny jurisdictional
discovery "[w]hen a plaintiff offers only speculation or
conclusory assertions about" jurisdictional allegations.
<u>Carefirst of Md., Inc. v. Carefirst Pregnancy Ctrs., Inc.</u>, 334
F.3d 390, 402 (4th Cir. 2003).  On the other hand,
jurisdictional discovery can be appropriate when "significant
gaps" exist regarding the court's jurisdiction.  <u>Gibbs v. Plain</u>
<u>Green, LLC</u>, 331 F. Supp. 3d 518, 529 (E.D. Va. 2018); <u>see</u> <u>also</u>
<u>TomTom, Inc. v. AOT Sys. GmbH</u>, 893 F. Supp. 2d 785, 789 (E.D.
Va. 2012) ("[J]urisdictional discovery is only appropriate where
the existing record is inadequate to support personal
jurisdiction and a party demonstrates that it can supplement its
jurisdictional allegations through discovery." (quotation marks
omitted)).

        In this case, there are no significant gaps in the
jurisdictional record, and Motorists' assertions to the contrary
are mere speculation.  The LLC Defendants and the Bohnert

Defendants have adduced evidence showing that some of the LLC Defendants' members are Ohio citizens, and that those Ohio citizens owned their membership shares prior to the filing of the complaint.  Inasmuch as Motorists is also an Ohio citizen, there clearly is not complete diversity of citizenship in this case.  Accordingly, the court lacks subject-matter jurisdiction over this action.

### IV. Conclusion

For the foregoing reasons, it is ORDERED that the LLC Defendants' and the Bohnert Defendants' motions to dismiss be, and hereby are, granted.  It is further ORDERED that this action be, and hereby is, dismissed without prejudice and stricken from the docket of the court.

The Clerk is requested to transmit copies of this memorandum opinion and order to all counsel of record and any unrepresented parties.

ENTER: July 8, 2022

John T. Copenhaver, Jr.
Senior United States District Judge

8